```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**CHRISTIE M. BOUFFORD,**

      Plaintiff

v.                                            Civil Action No.: 2:05-0507

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security,**

      Defendant


<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, entered June 21, 2006.

I.


Plaintiff Christie Boufford, now 30, filed applications for social security income and disability insurance benefits in September 2003, alleging disability as of September 1, 2003, due to back problems, sensory nerve damage through the right leg, and

carpal tunnel syndrome.  A hearing was conducted on plaintiff's claim on October 25, 2004, subsequent to which the administrative law judge ("ALJ") issued a decision dated December 22, 2004, finding that plaintiff was not entitled to benefits.  The decision became final on May 6, 2005, after the Appeals Council denied plaintiff's request for review.

On June 23, 2005, plaintiff filed this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g).  The sole issue before the court is whether the final decision of the Commissioner of the Social Security Administration denying plaintiff's claim for benefits is supported by substantial evidence.  See 45 U.S.C.A. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence, and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff filed objections thereto on July 10, 2006, contending that the magistrate judge incorrectly: (1) decided that the opinions of treating psychiatrist Dr. Ahmed Faheem are not entitled to controlling weight and that the ALJ had not erred in so finding (Obj. at 1-2); (2) determined that plaintiff had

2

requested a remand solely to consider newly discovered evidence; and (3) recommended that the court find that the ALJ's decision is supported by substantial evidence.

With respect to the third objection, plaintiff has failed to identify with particularity that portion of the magistrate judge's recommendation to which she takes exception other than to repeat the same matter argued in connection with the first objection.  The objection is general in nature, and does not meet the requirements of Fed R Civ P 72(b) which requires that each objection be "specific".  The court thus finds no merit in plaintiff's third objection.

## II.

Having reviewed the record <u>de</u> <u>novo</u>, the court observes that each the first and second areas of objection were addressed at length by the magistrate judge, who found that substantial evidence supported the finding that plaintiff's impairments are not disabling.  Specifically, plaintiff has the residual functional capacity to perform light work, reduced by nonexertional limitations as specified by the ALJ.  (<u>See</u> Tr. at 21-22.)

3

Plaintiff first argues that Dr. Faheem's opinions are "supported by clinical and laboratory diagnostic techniques and are not inconsistent with other substantial evidence." (Obj. at 1.) But, as the magistrate judge pointed out, Dr. Faheem's opinions conflicted, to some extent, with clinical and objective findings contained in his own notes. (PFR at 16.) The magistrate judge also noted that Dr. Faheem was the only medical source to opine that plaintiff's condition was totally debilitating (PFR at 17), that plaintiff's "self-reported activities were consistent with an ability to perform simple, repetitive, routine job tasks" (PFR at 17-18), and that Sunny Bell, M.A. found plaintiff's concentration, persistence, and pace to be within normal limits (PFR at 18). Inasmuch as the totality of the evidence contradicts Dr. Faheem's opinion that plaintiff was mentally incapacitated from working, the ALJ's determination that Dr. Faheem's opinions were not entitled to controlling weight is supported by substantial evidence.

Second, the plaintiff contends that the magistrate judge improperly found that plaintiff "was requesting a remand to the Office of Hearings and Appeals solely to consider newly submitted medical evidence." (Obj. at 3.) The plaintiff states that she "has always argued that the [mental residual functional

capacity evaluation report] was part of the record before this [h]onorable [c]ourt." (Obj. at 3.) It is clear that the report was not available to the ALJ, because plaintiff has stated that she tendered it to the Appeals Council upon receiving notice of the unfavorable ALJ decision. (Pl. Resp. to Def. Brief in Supp. of Mot. for J. on the Pleadings at 1.) Inasmuch as the report was submitted post-hearing, the magistrate judge properly applied the standards set forth in 42 U.S.C. § 405(g) and <u>Wilkins v. Secretary</u>, 953 F.2d 93, 96 (4th Cir. 1991), in the course of arriving at her determination that the mental residual functional capacity evaluation report did not meet, at least, the materiality requirement for consideration by the council. Having found, after a thorough discussion of the relevant factors, the report to be immaterial, the magistrate judge appropriately concluded that remand was not warranted either by 42 U.S.C. § 405(g) or otherwise. Plaintiff has suggested no adequate reason to disturb the magistrate judge's finding in this respect.

III.

For the reasons stated, and having reviewed the record <u>de</u> <u>novo</u>, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety.

5

It is ORDERED that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied; judgment be, and it hereby is, granted in favor of defendant; and the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: July 31, 2006

John T. Copenhaver, Jr.
United States District Judge